# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 27, 2010

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

140202

In re:

HON. BRENDA K. SANDERS
Judge, 36th District Court.

SC: 140202
RFI Nos. 2008-17918
            2008-17919

_____/

The Judicial Tenure Commission has issued a Decision and Recommendation, to which the respondent, 36th District Court Judge Brenda K. Sanders, consents. It is accompanied by a settlement agreement, in which the respondent waived her rights, stipulated to findings of fact and conclusions of law, and consented to a sanction that would be no less than a public censure and no greater than a public censure and a 42-day suspension without pay.

In resolving this matter, we are mindful of the standards set forth in *In re Brown*, 461 Mich 1291, 1292-1293 (2000):

[E]verything else being equal:

(1) misconduct that is part of a pattern or practice is more serious than an isolated instance of misconduct;

(2) misconduct on the bench is usually more serious than the same misconduct off the bench;

(3) misconduct that is prejudicial to the actual administration of justice is more serious than misconduct that is prejudicial only to the appearance of propriety;

(4) misconduct that does not implicate the actual administration of justice, or its appearance of impropriety, is less serious than misconduct that does;

(5) misconduct that occurs spontaneously is less serious than misconduct that is premeditated or deliberated;

(6) misconduct that undermines the ability of the justice system to discover the truth of what occurred in a legal controversy, or to reach the most just

result in such a case, is more serious than misconduct that merely delays such discovery;

(7) misconduct that involves the unequal application of justice on the basis of such considerations as race, color, ethnic background, gender, or religion are more serious than breaches of justice that do not disparage the integrity of the system on the basis of a class of citizenship.

In the present case, those standards are being applied in the context of the following stipulated findings of fact of the Judicial Tenure Commission, which, following our de novo review, we adopt as our own:

1.    Respondent is, and at all material times was, a judge of or a judicial candidate for, the 36th District Court in Detroit, Michigan.

2.    As a judge, and as a candidate for a judge, Respondent is subject to all the duties and responsibilities the Michigan Supreme Court imposed on her, and is subject to the standards for discipline set forth in MCR 9.104 and MCR 9.205.

## Count I

### Inappropriate Political Activity While a Judge or Judicial Candidate

3.    On November 4, 2008, Respondent was elected to the position of judge of the 36th District Court for a six-year term that began January 1, 2009.

4.    On December 8, 2008, Respondent signed the Oath of Office for Judge of the 36th District Court.

5.    While she was still a candidate for judge, Respondent also filed to run for Mayor of Detroit in a special nonpartisan Detroit mayoral primary to complete the term of former Mayor Kwame Kilpatrick.

6.    After becoming a judge, Respondent remained a candidate on the ballot in the February 24, 2009 special primary.

7.    According to campaign rules, Respondent was unable to timely remove her name from the ballot for the mayoral primary.

8.    Notwithstanding having been elected to the position of judge, Respondent actively participated in certain campaign activities for the special February 24, 2009 primary.

9.    On December 16, 2008, Respondent filed a Statement of Organization form for mayoral candidate committees which listed the name of her committee:  "Committee to Elect Brenda K. Sanders for Mayor" and identified her as Treasurer and Designated Record Keeper.

10. Respondent completed a Metro Times questionnaire which appeared on January 28, 2009, in the Metro Times, a local newspaper, entitled "Detroit Mayoral Candidate Questionnaire: Brenda K. Sanders."

11. Respondent also appeared on "Flashpoint: Straight Talk from the Candidates," a televised commercial-free program in which she discussed her platform for mayor, which aired on Sunday, February 1, at 8:30 a.m., and which continued to be accessible to viewers on the station's web site, ClickOnDetroit.com.

12. Respondent campaigned as a judge during her televised campaign appearance as a mayoral candidate, referring to her "former" career as an attorney and her status as a "new face in our local government."

13. Respondent knew, or should have known, that as a judicial candidate and as a judge, she was and is subject to the rules governing political and campaign conduct as provided in Canon 7 of the Michigan Code of Judicial Conduct [MCJC] and the Michigan Constitution 1963, art 6.

## Count II

### Inappropriate Campaign Conduct/ Soliciting Contribution

14. On April 29, 2008, Respondent filed and signed a Statement of Organization Form for Candidate Committee, in which she identified herself, Brenda K. Sanders, as candidate for the position of 36th District Judge, as well as Treasurer and Designated Record Keeper.

15. On the form Respondent listed her own phone number, fax number, e-mail address, mailing and street address as the contacts for her committee.

16. On September 5, 2008, Respondent filed an Amended Schedule 1A – Itemized Contributions Form and Post Primary Campaign Finance Statements, which continued to list her as the Treasurer and Designated Record Keeper of her own campaign.

17. On her website, www.brendaksanders.com, Respondent solicited donations to her campaign of which she was manager and treasurer "Please send donations to The Committee to Elect Brenda K. Sanders," by check, PayPal or "Email Funds to Brendak1233@yahoo.com."

18. As a judicial candidate, Respondent knew or should have known that Canon 7B(2) of the Michigan Code of Judicial Conduct prohibits a candidate for judicial office from acting as treasurer or personally soliciting or accepting campaign funds.

19. As a judicial candidate, and as stated in the Candidate Committee Manual, Respondent knew or should have known that a judicial candidate may not serve as a treasurer or record keeper of the candidate's committee.

20.     As a judicial candidate, Respondent knew or should have known that the Bureau of Elections Campaign Financial Disclosure Information specifically provides that "Judicial Canons do not allow a judicial candidate to serve as their own treasurer."

We also adopt the Commission's conclusion that these facts demonstrate, by a preponderance of the evidence, that respondent breached the standards of judicial conduct and constituted misconduct in office, as defined by 1963 Mich Const, art 6, § 30, and MCR 9.205:

1. conduct in violation of 1963 Mich Const, art 6, § 21, which provides that a judge of a court of record shall be ineligible to be nominated for or elected to an elective office other than a judicial office during the period of his service and for one year thereafter;

2. failure to resign judicial office before becoming a candidate either in a party primary or in a general election for non-judicial office, in violation of Canon 7A(3);

3. failure to establish, maintain, enforce and personally observe high standards of conduct so that the integrity and independence of the judiciary may be preserved, contrary to Canon 1;

4. making speeches on behalf of a non-judicial candidate (herself) or publicly endorsing a candidate for non-judicial office, in violation of Canon 7A(1)(b);

5. personal solicitation of campaign funds, in violation of Canon 7B(2)(a);

6. conduct involving impropriety and the appearance of impropriety, in violation of Canon 2A, which erodes public confidence in the judiciary;

7. conduct prejudicial to the administration of justice, in violation of MCR 9.104(A)(1);

8. conduct that exposes the legal profession or courts to obloquy, contempt, censure or reproach, contrary to MCR 9.104(A)(2); and

9. conduct that violates the Michigan Rules of Professional Conduct, contrary to MCR 9.104(A)(4).

After reviewing the recommendation of the Judicial Tenure Commission, the settlement agreement, the standards set forth in *Brown*, and the above findings of fact and conclusions of law, we accept the recommendation of the Commission and ORDER that Honorable Brenda K. Sanders be publicly censured and suspended without pay for 21 days, effective 21 days after the date of this order. This order stands as our public censure.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 27, 2010

_____
Clerk

p0120